FILED

2017 JAN 20  PM 3: 10

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Maluah Duncan,

    Plaintiff,

v.

Stellar Recovery, Inc.,

    Defendant.

_____/

**COMPLAINT**

**JURY TRIAL DEMANDED**

6:17-cv-96-Orl-41TBS

## COMPLAINT

Plaintiff, Maluah Duncan (hereinafter, "Ms. Duncan" or "Plaintiff"), by and through counsel, brings this action against Defendant, Stellar Recovery, Inc. (hereinafter, "Stellar" or "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumers based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes, and the Telephone Communication Protection Act ("TCPA"), 47 U.S.C. § 227.

### PARTIES

2. Ms. Duncan is a natural person who resided in Altamonte Springs, Florida, at all times relevant to this action.

-1-

3. Stellar is a Florida corporation that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

7. Before Stellar began contacting Ms. Duncan, it and Ms. Duncan had no prior business relationship and Ms. Duncan had never provided express consent to Stellar to be contacted on her cellular telephone.

8. Stellar regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of Stellar's revenue is debt collection.

10. Stellar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, Stellar contacted Ms. Duncan to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Ms. Duncan is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Within the past twelve months, Stellar began calling Ms. Duncan on her cellular phone in an attempt to collect a debt for another individual.

15. Shortly after the calls began, Ms. Duncan notified Stellar that Stellar called the wrong number.

16. In addition, Ms. Duncan communicated her desire that Stellar cease calling her.

17. Despite this communication, Stellar continued to call Ms. Duncan on her cellular phone in an attempt to collect a debt for another individual.

18. Thereafter, on multiple occasions, Ms. Duncan notified Stellar that Stellar called the wrong number and communicated her desire that Stellar cease calling her.

19. Despite these communications, Stellar continued to call Ms. Duncan on her cellular phone in an attempt to collect a debt for another individual.

20. Stellar's policies and procedures for processing account data received from original creditors fail to identify easily discoverable errors and avoid the needless harassment of undeserving consumers like Ms. Duncan.

21. Stellar unreasonably relied upon inaccurate information provided to Stellar by one (1) or more original creditors for whom Stellar was attempting to collect a debt when Stellar called Ms. Duncan's cellular telephone.

22. Stellar's collection efforts, including but not limited to its telephone calls, caused Ms. Duncan emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

23. Stellar's collection efforts also intruded upon Ms. Duncan's privacy.

24. In addition, each time Stellar placed a telephone call to Ms. Duncan, Stellar occupied Ms. Duncan's telephone number such that Ms. Duncan was unable to receive other phone calls at that telephone number while Stellar was calling her.

25. Stellar's telephone calls also forced Ms. Duncan to lose time by having to tend to Stellar's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

27. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

28. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's

communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

29. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

30. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

32. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671 (D.N.M. 2009); *see also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)*(*"company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

33. Defendant's policies and procedures, as described in Paragraphs 20 through 21 *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

34. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

    A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    *See* 15 U.S.C. §1692d.

35. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

36. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

38. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Florida Consumer Collection Practices Act

39. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

40. Defendant is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

41. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

42. Defendant attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

43. Defendant willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or engaging in other conduct which can reasonably be expected to abuse or harass Plaintiff.

## COUNT FIVE

### Violation of the Telephone Consumer Protection Act

44. Plaintiff re-alleges and incorporates by reference Paragraphs 7 through 25 above as if fully set forth herein.

45. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

46. The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

47. "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

48. A telephone dialing system with predictive dialer functionality is an ATDS within the meaning of the TCPA. *Smith v. MarkOne Fin., LLC*, 2015 WL 419005, *2-3 (M.D. Fla. Feb. 2, 2015); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

49. Defendant used a telephone dialing system with predictive dialer functionality to place calls to Plaintiff on her cellular telephone.

50. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > \* \* \*
> >
> > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call...
>
> 47 U.S.C. §§ 227(b)(1)(A)(iii).

51. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999-8000, ¶ 72-73 (2015).

52. Any consent that may have been previously given as to a called telephone number lapses when that number is reassigned. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 641 (7th Cir. 2012); *Sterling v. Mercantile Adjustment Bureau, LLC*, 2014 WL 1224604, \*3 (W.D.N.Y. Nov. 22, 2013).

53. A caller that places calls to a reassigned telephone number without the express consent of the called party is deemed to have "constructive knowledge" of the reassignment after one phone call has been placed to that reassigned number. *In the Matter of Rules*

*and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7999-8000, ¶ 72 (2015).

54. Plaintiff was the "called party" in each telephone call Defendant placed to Plaintiff's cellular telephone.

55. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

56. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

57. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

58. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc.* 2015 WL 1522244, *9 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 WL 1154206, *7 (N.D. Ill. Mar. 19, 2013); *Stewart v. Regent Asset Mgmt. Solutions, Inc.*, 2011 WL 1766018, *7 (N.D. Ga. May 4, 2011).

59. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 WL 1154206, at *7; see also *Roylance*, 2015 WL 1522244, at *9 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

60. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

61. In addition, a company that places telephone calls using an ATDS and/or an artificial or prerecorded voice bears a responsibility to place intermittent live verification calls to ensure the subscriber being called has provided his or her express consent to be called. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1322 (S.D. Fla 2012); *aff'd* 755 F.3d 1265 (11th Cir. 2014).

62. Defendant failed to adequately place intermittent live verification calls to Plaintiff's cellular telephone number to ensure that Plaintiff had provided his/her express consent to Defendant to call those telephone numbers.

63. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

64. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

65. Plaintiff prays for the following relief:
    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

c. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

d. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 19, 2017         By: /s/ Sharina T. Romano

Sharina T. Romano, Esq.
Florida Bar No.: 65501
HYSLIP & TAYLOR, LLC, LPA
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 312.380.6110
(F) 312.361.3509
(E) sharina@fairdebt411.com
One of Plaintiff's Attorneys